PORTO RICO FERTILIZER Co., Plaintiff and Appellee, *v.* JOSÉ AGUSTÍN DÍAZ, Defendant and Appellant.

Nos. 5503 and 5504. Argued February 11, 1932.—Decided February 26, 1932.

A. *Lastra* for appellant.   *Molina, Dubón* & *Ochoteco* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

In the second of these appeals it was alleged in the complaint that the defendant bought on credit from the plaintiff a quantity of chemical fertilizer for sugar cane, and that in consideration thereof he subscribed and delivered to said plaintiff nine promissory notes which are specified, one of them to mature in 1925 and the other eight in 1926. All of the notes amounted to $11,783.37. In the first appeal, the complaint also alleged that the defendant bought on credit from the plaintiff some chemical fertilizer for sugar cane and that in consideration thereof he subscribed two promissory notes which are specified, amounting to $2,169.79 and maturing in 1926.

Both complaints were filed in 1929 and in both it was further alleged that the defendant ever since the issuance and delivery of the promissory notes had repeatedly and expressly acknowledged the debts to the plaintiff, the last acknowledgment having taken place in December, 1928; and that notwithstanding the demands for payment made by the plaintiff upon the defendant, the latter has not paid either wholly or partially the said debts.

The defendant demurred to each of the complaints on the ground of lack of facts sufficient to constitute a cause of action and because, in any event, the actions had prescribed under the provisions of section 950 of the Codes of Commerce and of subdivision 4 of section 1868 of the Civil Code. The demurrers were overruled.

The defendant then answered and denied generally and specifically all the averments of the complaint and again set

up prescription as a special defense. The actions went to trial and the court, after considering the evidence, rendered judgment in favor of the plaintiff from which the defendant has appealed to this Court.

There is no doubt as to the origin and existence of the promissory notes. The evidence was clear and conclusive in this respect.. As to the interruption of the period of limitation, the evidence was conflicting, and the court stated in its opinion that it adjusted the conflict in favor of the plaintiff.

We have carefully considered the errors assigned by the appellant in his brief. They are nonexistent. We will confine ourselves to discuss those concerning the prescription and its interruption.

The appellant invokes section 950 of the Code of Commerce and subdivision 4 of section 1868 of the Civil Code, which read as follows:

"Section 950. Actions arising from drafts shall extinguish three years after they have fallen due, should they have been protested or not.

"A similar rule shall be applied to drafts and promissory notes of commerce, to checks, stubs, and other instruments of draft or exchange and to the dividends, coupons and the amounts of the redemption of obligations issued in accordance with this code."

"Section 1868. Actions for the fulfillment of the following obligations shall prescribe in three years:

"1.  *  *  *  *  *  *  *

"2.  *  *  *  *  *  *  *

"3.  *  *  *  *  *  *  *

"4. For the payment of board and lodging to innkeepers, and to traders for the value of goods sold to others who are not traders, or who, being such, are engaged in a different trade.

"The time for the prescription of actions referred to in the three preceding paragraphs shall be counted from the time the respective services have ceased to be rendered."

Relying on the above provisions, the appellant maintains that as more than three years had elapsed between the ma-

turity of the obligations and the filing of the complaints, the actions had prescribed at the time they were brought.

That would be so if the interruption of the prescription had not been alleged and shown.

In this connection the appellant invokes section 944 of the Code of Commerce, which reads as follows:

"Prescription shall be interrupted by suit or any judicial proceeding brought against the debtor, by the acknowledgment of the obligations, or by the renewal of the instrument on which the right of the creditor is based.

"Prescription shall be considered uninterrupted by a judicial proceeding if the plaintiff should withdraw it, or the case should go by default or the complaint be dismissed.

"The period of prescription shall begin to be counted again, in case of acknowledgment of the obligations, from the day this is done; in case of their renewal, from the date of the new instrument, and if the period for meeting the obligation should have been extended, from the date this extension expires."

Based thereon the appellant claims that the interruption had not been proved in the manner prescribed by law.

We agree that no judicial proceeding against the debtor was shown, nor was the renewal of the instrument established either, but we can not agree that there was no proof of the acknowledgment of the obligations. The trial court specifically stated in its opinion "that the prescription of the actions prosecuted has been interrupted by the acknowledgment of the obligations made by the obligor each time the plaintiff had demanded from him payment of the amount of such obligations."

Section 944 of the Code of Commerce does not require that the acknowledgment be in writing. It can be proved by any evidence that the court may deem worthy of full credit.

Here the evidence introduced did not consist solely of letters written by the plaintiff to the defendant. The witnesses M. C. Reed, president of the plaintiff corporation, Isidoro Colón, sales manager and chemist thereof, and Ma-

nuel Aguayo testified that, when payment was demanded from the defendant, he never denied the obligations but promised, on the contrary, to pay them as soon as his financial condition improved. The testimony of these witnesses was believed by the trial judge. We have read such testimony and find the same convincing.

The judgments appealed from must be affirmed.